Wood, C. J.
This ease was submitted at the April term, A. D. 1846, of the Supreme Court for the County of Brown, and reserved for the consideration of all the Judges in Bank.
The action is brought by the indorsee against the indorser of a promissory note for $350, made by Elias Tharp to the order of David Tharp, payablé three months from the 6th day of June, 1834, at the Franklin Bank, in the city of Cincinnati. The indorsement is in these words:
“ Pay Ezekiel S. Haines or order.” “ David Tharp.”
The defendant pleaded, first: the general issue of non-assumpsit ; secondly: a special plea in bar, that the cause of action did not accrue within six years before the commencement of the suit. The plaintiff replied to the special plea, *131 taking issue upon it, and all the facts', as -well as the law of the case, are now before us for adjudication. - •
In Bank.
Dec. Term, 1846
It is insisted by the counsel for .the defendant, that the proof of notice of the dishonor of the’ note is entirely insufficient' to charge the indorser. This proof, therefore, must be examined. The protest speaks for itself, and' shows the note was presented at the- Franklin Bank on the 9th day of• September, 1834, at the close of banking hours, and payment thereof’demanded-by, the notary, which was refused. The deposition of this officer has been taken, and proves, that on the same day.h'e made diligent'inquiry for the indorser,-but was unable to find him, and he therefore left notice of the protest under his door, on New street, east of Broadway, being informed that the indorser and his family were- on a visit in the country. ' He does not. recollect; definitely, the' precise location of the said David Tharp’s dwelling,' but believes it was • a few doors from the corner of Broadway and New-street, and his impression is, it was at that time oh the north side of-New street. He was-informed by, some of the immediate neighbors of Tharp’s absence' in the country,'and does not'recollect whether he left the. notice at the place from his own personal knowledge of his residence, or from information obtained in the vicinity, but'in-all such cases, he'always.m'ade the mpst'diligen.t inquiry. ./ " .
Another witness,testified, that at the time of the date of the protest the residence of the indorser- -was on New street, four doors' east of Broadway, on the south side. ' ' -.
On this evidence, we are of the opinion the notice' was left at the residence of the .indorser. ■ -Suppose .tlie notary. had no knowledge of the location personally, with 'the diligence with which, he swears he made-inquiry in such-case?, and in this cáse, either that he left the notice'upon-his own. personal knowledge of the place or from-.information obtaineddn the immediate vicinity, the probability is, .that he-was-not mistaken: • He was certainly on the .right-street; this'is -proved- by another witness, and, if so, if is more likely that his impression, after the lapse of so many- years, is .wrong, that the -residence of the indorser *132 was on the north instead of the south side of the street, than be was misled by those- in the immediate vicinity, who must have known and had no interest in deceiving him.
The next question is raised on the issue taken by the replication to the special plea in bar. The cause of action in this case arose in 1834, and is controlled by the statute of 1831. Under this statute, actions founded on simple contracts, not in writing, are barred in six years; if in writing, they are barred in fifteen years. The defendant insists that the plea is sufficient, but that the replication is insufficient for the introduction of proof of a new promise within six years of the commencement of the suit. On such a question the authority of Chitty will not be denied, and he lays down the rule thus: 44 When the statute of limitation has been pleaded, either that 4 the defendant did not undertake, or that the cause of action 4 did not accrue within six years before the exhibiting of the 4 plaintiff’s bill,' and the plaintiff can prove a promise or ac-4 knowledgment within that time, the replication may deny the 4 plea generally, and conclude to the country.”
But is the plea itself a bar 1 It is said to be sufficient, because the indorsement is not the foundation of the action — that the contract on which the action is based, is by parol — that if the note be demanded at maturity, not paid, and the indorser duly notified thereof, then he will pay; and as these obligations which the law imposes on the indorser, and without the performance of which the plaintiff cannot recover, are not embodied in the indorsement, the indorsement cannot be the foundation of the action. This position is unsound. An indorsement is, in fact, a bill of exchange. It is, an open letter of request, drawn by one person upon another for the payment of a sum of money to a third person. But no action will lie on a bill of exchange without presentment for acceptance or payment, refusal and notice to the drawer; and the argument is, therefore, that if declared upon specially, it is not the foundation of the action, but the obligations on the plaintiff himself to present and give notice are; and he is, therefore, suing *133 himself on a penal contract which arises out of the written one. There is no foundation for such an argument. An indorsement is a written contract of . which the law declares the effect; and when counted upon, it is the foundation of the action, and a plea that the cause of action did not accrue within six years, is no bar under the statute. From this state of the pleadings it follows that the issue made by the replication is an immaterial issue; and the question arises, can the Court legally give judgment for the plaintiff, or must a repleader be awarded ? On this issue, if a verdict was found for the defendant, the Court ought nevertheless to give judgment for plaintiff non obstante veredicto. This may be done, says Chitty, where the plea is good in form, but not in fact, and a re-pleader will not then mend the case, and the Court ought immediately to,give judgment; 1 Chit. Pl. 694. A repleader is awarded where the form and manner of pleading is bad, not the title; and where a cause of action is confessed, but not avoided by the plea, a repleader is unnecessary. — Idem.
N. H. Swayne, for Plaintiff,
N. Barreré and J. II. Thompson, for Defendant.
The plaintiff is in no worse condition than if a verdict was found against him on this issue, and which would be no objection.

Judgment for Plaintiff.